UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| JERRY LEE GATER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:15CV0003 SNLJ |
|  | ) |  |
| BOBBY SULLIVAN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to "keep this matter before the Court." The Court will interpret plaintiff's motion as one to maintain the current stay in this case indefinitely.

The Court entered the stay and administrative closure in this 42 U.S.C. § 1983 action on February 6, 2015 on its own motion. In this action, plaintiff seeks damages against two police officers of the Sikeston, Missouri Police Force, as well as the Judge presiding over his criminal case in Scott County, Missouri, pursuant to § 1983 for allegedly searching his home and arresting plaintiff without sufficient probable cause or without a viable search warrant in violation of plaintiff's constitutional rights.

Initially, plaintiff filed this claim while the underlying criminal case against him stemming from his arrest was still pending in the state courts. *See State v. Gater*, Case No. 14SO-CR01691-01 (Scott County Court). The Court enjoined the present action pursuant to the doctrines espoused in the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007).

In *Wallace*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest and/or false imprisonment in violation of the

1

Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." 549 U.S. at 397. The Court also instructed that where, as here, "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.,* 549 U.S. at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict . . . all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* (internal citation omitted). The Court further ordered the stay due to the possibility that a conviction in plaintiff's criminal case could bar plaintiff's claims in this action pursuant to the principles of *Heck v. Humphrey*, 512 U.S. 477, 486-87 n.6 (1994).

Plaintiff states in his motion that his Scott County case was transferred to New Madrid County and then "dismissed" after he was indicted in federal court in the Eastern District of Missouri, Southeastern Division in Case No. 1:15CR52. Plaintiff does not detail the facts as they relate to his new federal case or whether they mirror those in the original Scott County case.

As the Court's original order relative to the stay in this case related to the criminal charges in the Scott County case and those charges have since been dismissed, the Court sees no reason to allow this case to remain stayed on this Court's docket indefinitely. As such, the Court will require plaintiff to show cause, within thirty (30) days of the date of this Memorandum and Order why this case should not be either reopened or dismissed in its entirety since the Scott County case has been resolved.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to extend the stay indefinitely [Doc. #10] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within thirty (30) days of the date of this Memorandum and Order why this case should not be either reopened or dismissed in its entirety given the culmination of the charges against plaintiff in *State v. Gater*, Case No. 14SO-CR01691-01 (Scott County Court).

**IT IS FURTHER ORDERED** that plaintiff's failure to respond to this Memorandum and Order will result in a dismissal of this case without prejudice.

Dated this 28th day of May, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE