UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JERRY LEE GATER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV0003 SNLJ |
| | ) | |
| BOBBY SULLIVAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to reopen the present case.

**Background**

The Court entered the stay and administrative closure in this 42 U.S.C. § 1983 action on February 6, 2015 on its own motion. In this action, plaintiff seeks damages against two police officers of the Sikeston, Missouri Police Force, as well as the Judge who was presiding over his criminal case in Scott County, Missouri. Plaintiff brought the present action against defendants pursuant to § 1983 for allegedly searching his home and arresting him without sufficient probable cause or without a viable search warrant in violation of his constitutional rights.

Initially, plaintiff filed this claim while the underlying state criminal case against him stemming from his arrest was still pending in state court. *See State v. Gater*, Case No. 14SO-CR01691-01 (Scott County Court). The Court enjoined the present action pursuant to the doctrine espoused in the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007).

In *Wallace*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest and/or false imprisonment in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the

1

time the claimant is detained pursuant to legal process." 549 U.S. at 397. The Court also instructed that where, as here, "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.,* 549 U.S. at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict . . . all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* (internal citation omitted). The Court further ordered the stay due to the possibility that a conviction in plaintiff's criminal case could bar plaintiff's claims in this action pursuant to the principles of *Heck v. Humphrey*, 512 U.S. 477, 486-87 n.6 (1994).

Plaintiff states in his motion to reopen the present action that his Scott County case was transferred to New Madrid County and then "dismissed" after he was indicted in federal court in the Eastern District of Missouri, Southeastern Division in Case No. 1:15CR52 SNLJ.

**Discussion**

In order to make a decision whether to maintain the stay in the present action, the Court must review the factual circumstances in the criminal action that is ongoing in this Court. *See United States v. Gater*, 1:15CR52 SNLJ (E.D.Mo.). Under the doctrine of *Wallace v. Kato*, if the ongoing criminal action is related to the factual circumstances and defendants named in the present action, then this matter should remain stayed through the culmination of plaintiff's criminal proceedings.

Indeed, a review of *United States v. Gater*, 1:15CR52 SNLJ (E.D.Mo.), reveals that the factual circumstances of plaintiff's criminal case match his claims for false arrest/false imprisonment in this action. His claims center around his December 2014 arrest by Bobby

2

Sullivan as a result of an alleged cocaine and marijuana sale, and it relates to his assertions that his truck and house were searched without probable cause or with a valid search warrant.

As a result of these findings, the Court will once again institute a stay, pursuant to *Wallace v. Kato*, in this case until the criminal charges against plaintiff in *United States v. Gater*, 1:15CR52 SNLJ (E.D.Mo.) are concluded.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen the instant matter [Doc. #13] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges against plaintiff in *United States v. Gater*, 1:15CR52 SNLJ (E.D.Mo.).

**IT IS FURTHER ORDERED** that plaintiff shall notify this Court in writing concerning the final disposition of the criminal charges pending against him in *United States v. Gater*, 1:15CR52 SNLJ (E.D.Mo.).

**IT IS FURTHER ORDERED** that this case is administratively closed pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after final disposition.

Dated this 13th day of October, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE